UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-112-RJC-DSC

| | | |
|---|---|---|
| **RODNEY JONES,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | **ORDER** |
| | ) | |
| **EQUIFAX, TRANSUNION, and EXPERIAN,** | ) | |
| | ) | |
|     **Defendants.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's recent correspondence to the Court. (Doc. No. 17).

Plaintiff filed his Complaint on March 6, 2015, along with a Motion to Proceed In Forma Pauperis ("IFP"). (Doc. Nos. 1, 2). The Court granted the pro se Plaintiff IFP status, and summonses were issued by the Clerk of Court on May 19, 2015, for service of the Complaint on Equifax, TransUnion, and Experian by the United States Marshal. (Doc. Nos. 5, 6). The summons was returned executed as to Equifax on June 2, 2015, (Doc. No. 7), and Defendant Equifax filed its Answer in this case on June 15, 2015, (Doc. No. 10). However, the summonses were returned unexecuted as to Experian and TransUnion on June 9, 2015, and June 24, 2015, respectively. (Doc. Nos. 8, 12).

Federal Rule of Civil Procedure 4(m), as applicable to this case, provided as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Although a plaintiff proceeding IFP is entitled to service by the United States Marshal and is

entitled to rely upon the Marshal to effect service, the plaintiff must provide sufficient information to effect service. Danik v. Hous. Auth. of Baltimore City, 396 F. App'x 15, 16 (4th Cir. 2010). Failure to provide such information so that the Marshal can effect sufficient service can result in a dismissal of the action. See id. The 120-day period within which the defendants in this case must be served has now expired. Plaintiff has not provided sufficient information upon which the United States Marshal can effect service. Plaintiff is hereby warned that if he does not perfect service of his Complaint on Defendants TransUnion and Experian within **fourteen (14) days** of the entry of this Order, Defendants TransUnion and Experian will be **dismissed** from this case without prejudice and without further notice. If Plaintiff wishes to rely again upon the United States Marshal to effect service, he must submit revised summonses for Defendants TransUnion and Experian to the Clerk of Court within **seven (7) days** of the entry of this Order. Failure to do so will result in Defendants TransUnion and Experian being **dismissed** from this case without prejudice and without further notice.

Although unclear on its face, the Court interprets Plaintiff's recent correspondence to the Court to be a Motion for Trial Subpoenas. (Doc. No. 17). Because "joinder of the issues" has not occurred, see Local Civ. R. 16.1, and a trial in this matter has not been scheduled, Plaintiff's Motion for Trial Subpoenas is **dismissed without prejudice** to refile at the appropriate time.

Plaintiff is further instructed that ex parte communications with the Court are not permitted. Plaintiff is ordered to properly file any future communications with the Clerk of Court along with a proof of service and to provide copies of all such communications to each defendant. Plaintiff is hereby warned that failure to comply with this Order may result in dismissal of his Complaint with prejudice. See Fed. R. Civ. P. 41(b).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Trial Subpoenas, (Doc. No. 17), is **DISMISSED without prejudice**.

2. Plaintiff shall perfect service of his Complaint on Defendants TransUnion and Experian and provide this Court with proof of service within **fourteen (14) days** of the entry of the Order.  **FAILURE TO PROVIDE THE COURT WITH PROOF OF SERVICE WITHIN FOURTEEN (14) DAYS WILL RESULT IN DEFENDANTS TRANSUNION AND EXPERIAN BEING DISMISSED FROM THIS CASE WITHOUT PREJUDICE AND WITHOUT FURTHER NOTICE.**

3. If Plaintiff wishes to rely again upon the United States Marshal to effect service, he must submit revised summonses for Defendants TransUnion and Experian to the Clerk of Court within **seven (7) days** of the entry of this Order.  **FAILURE TO DO SO WILL RESULT IN DEFENDANTS TRANSUNION AND EXPERIAN BEING DISMISSED FROM THIS CASE WITHOUT PREJUDICE AND WITHOUT FURTHER NOTICE.**

4. Plaintiff shall file any future communications in this case with the Clerk of Court along with a proof of service and shall provide copies of all such communications to each defendant.  Failure to comply with this Order may result in dismissal of Plaintiff's Complaint with prejudice.

Signed: March 16, 2016

Robert J. Conrad, Jr.
United States District Judge