**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:15-cv-00112-RJC-DSC**

| | |
|---|---|
| **RODNEY JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **ORDER** |
| ) | |
| **EQUIFAX,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court sua sponte and upon Plaintiff's Motions for Entry of Default. (Doc. Nos. 20, 21).

Plaintiff filed his Complaint on March 6, 2015. (Doc. No. 1). The Court granted the pro se Plaintiff IFP status, and summonses were issued by the Clerk of Court on May 19, 2015, for service of the Complaint on Equifax, TransUnion, and Experian by the United States Marshal. (Doc. Nos. 5, 6). The summons was returned executed as to Equifax on June 2, 2015, (Doc. No. 7), and Defendant Equifax filed its Answer in this case on June 15, 2015, (Doc. No. 10). However, the summonses were returned unexecuted as to Experian and TransUnion on June 9, 2015, and June 24, 2015, respectively. (Doc. Nos. 8, 12). On April 11, 2016, TransUnion and Experian were dismissed from this case without prejudice due to Plaintiff's failure to perfect service. (Doc. No. 19). On May 17, 2016, Plaintiff filed two Motions for Entry of Default as to TransUnion and Experian. (Doc. Nos. 20, 21).

TransUnion and Experian have been dismissed from this action; therefore, Plaintiff's Motions for Entry of Default as to these two dismissed parties must be **denied**.

A Plaintiff has a general duty to prosecute his case, and a district court has the authority to

dismiss a plaintiff's action because of his failure to prosecute or his failure to comply with a court order, either upon a defendant's motion or sua sponte. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

On April 13, 2016, the Court notified the parties of the requirement to conduct an Initial Attorney's Conference ("IAC") within fourteen days and to file the Certificate of Initial Attorney's Conference ("CIAC") within seven days of the conference. The CIAC was due by May 4, 2016; however, no CIAC has been filed. It is Plaintiff's burden to prosecute this case and move it forward; yet, Plaintiff has done little to prosecute this case since filing the Complaint in March 2015. Accordingly, the Court hereby orders the parties to conduct the IAC within **seven (7) days** of the entry of this Order and file the CIAC within **seven (7) days** of the conference or provide good cause for the failure to do so.

Plaintiff's failure to comply with the Court's orders constitutes a failure to prosecute. See Link, 370 U.S. at 630 (stating that failure to prosecute case or comply with a court order authorizes dismissal). Plaintiff is hereby warned that his failure to comply with this Order and to properly prosecute this case going forward may result in the case being dismissed with prejudice and without further notice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions for Entry of Default, (Doc. Nos. 20, 21), are **DENIED**. The deadlines associated with the IAC are hereby continued. The parties shall conduct the IAC within **seven (7) days** of the entry of this Order and file the CIAC within **seven (7) days** of the conference. **Plaintiff is hereby warned that his failure to comply with this Order or to properly prosecute this case going forward may result in the case**

**being dismissed with prejudice and without further notice.**

Signed: May 20, 2016

Robert J. Conrad, Jr.
United States District Judge