UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00112-RJC-DSC

| | |
|---|---|
| RODNEY JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUIFAX, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court sua sponte. Plaintiff filed his Complaint on March 6, 2015. (Doc. No. 1). The Court granted the pro se Plaintiff IFP status, and summonses were issued by the Clerk of Court on May 19, 2015, for service of the Complaint on Equifax, TransUnion, and Experian by the United States Marshal. (Doc. Nos. 5, 6). Defendant Equifax was served, and it filed its Answer on June 15, 2015. (Doc. No. 7, 10). However, the summonses were returned unexecuted as to Experian and TransUnion in June 2015. (Doc. Nos. 8, 12). On March 16, 2016, the Court directed Plaintiff to perfect service upon Experian and TransUnion within fourteen (14) days, and warned him that failure to do so would result in those defendants being dismissed from the case. (Doc. No. 18). Plaintiff did not respond to the Court's Order, and TransUnion and Experian were dismissed from this case without prejudice due to Plaintiff's failure to perfect service on April 11, 2016. (Doc. No. 19).

On April 13, 2016, the Court notified Plaintiff of the requirement to conduct an Initial Attorney's Conference ("IAC") within fourteen days and to file the Certificate of Initial Attorney's Conference ("CIAC") within seven days of the conference. The CIAC was due by May 4, 2016; however, no CIAC was filed. On May 17, 2016, however, Plaintiff filed Motions for Entry of

Default as to TransUnion and Experian. (Doc. Nos. 20, 21). Because those parties had been dismissed from the case, Plaintiff's Motions for Entry of Default were denied on May 23, 2016. (Doc. No. 22).

In its May 23, 2016 Order, the Court advised Plaintiff of his duty to prosecute this case and ordered Plaintiff to conduct the IAC and file the CIAC within fourteen days or provide good cause for the failure to do so. Plaintiff was also warned that his failure to comply with the Court's orders would constitute a failure to prosecute and that such a failure may result in the case being dismissed without further notice. (Id.). Although Plaintiff sent an ex parte letter to the Court on June 6, 2016, which contained his "Reason for the Delay of Getting The Motion of Default filed," (Doc. No. 23 at 1), Plaintiff has not conducted the IAC or otherwise complied with the Court's orders in any regard.

A district court has the authority to dismiss a plaintiff's action because of his failure to prosecute or his failure to comply with a court order, either upon a defendant's motion or sua sponte. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

It is Plaintiff's burden to prosecute this case. He has been advised of his responsibilities, given additional time within which to comply with the Court's orders, and warned of the consequences of his failure to comply. Plaintiff has had ample opportunity to conduct the IAC and move this case forward; however, he has failed to do so. Such a failure constitutes a failure to prosecute. See Link, 370 U.S. at 630 (stating that failure to prosecute case or comply with a court order authorizes dismissal). Accordingly, the Court finds that dismissal of Plaintiff's case without

prejudice is warranted pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint be **DISMISSED without prejudice**. The Clerk of Court is directed to close this case.

Signed: July 11, 2016

Robert J. Conrad, Jr.
United States District Judge